**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHAD STIEBER, | ) Case No.: 1:19-cv-00778-BAM |
| Plaintiff, | ) |
| | ) **ORDER REGARDING PLAINTIFF'S** |
| v. | ) **SOCIAL SECURITY COMPLAINT** |
| | ) |
| ANDREW M. SAUL, Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## INTRODUCTION

Plaintiff Chad Stieber ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income under Title XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[1]

Having considered the briefing and record in this matter, the Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a whole

---

[1] The parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). (Doc. Nos. 6, 8, 21.)

1

and based upon proper legal standards.  Accordingly, this Court affirms the agency's determination to deny benefits.

**FACTS AND PRIOR PROCEEDINGS**

Plaintiff filed an application for supplemental security income on March 3, 2016.  AR 166-69.[2] Plaintiff alleged that he became disabled on August 1, 2013, due to autism, hoarding issues, difficulty communicating, "introverted" and inflammation on both legs.  AR 183.  Plaintiff's application was denied initially and on reconsideration.  AR 91-95, 99-103.  Subsequently, Plaintiff requested a hearing before an ALJ.  ALJ Mary Parnow held a hearing on April 26, 2018, and issued an order denying benefits on June 12, 2018.  AR 13-26, 32-56.  Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision.  AR 1-5.  This appeal followed.

**Hearing Testimony**

The ALJ held a hearing on April 26, 2018, in Bakersfield, California.  Plaintiff appeared with his attorney, Michael Donaldson.  Thomas Mitchell, an impartial vocational expert, also appeared. AR 34.

Plaintiff testified that he was 39 years old and had graduated from high school, but it took him three additional years.  He last worked as a part-time dishwasher six years prior to the hearing.  He did not identify any other work.  AR 36-37.

In response to questions from his attorney, Plaintiff testified regarding his social interactions. He reported that he stays home and hangs around the house.  He does not have friends and is shy.  He attended a community high school and talked to a couple of people.  When he was working, he hardly ever saw his supervisors and bosses, and he worked alone.  Plaintiff explained that he does not have very good attention, he wanders off and people have to remind him.  AR 37-38.  His dad handles paying bills and going to the grocery store and to the post office.  Plaintiff cannot do those things because it makes him nervous to leave the house and to be around people.  If he had to change his routine to leave his house, he would have to work on it and take slow steps.  AR 39-40.

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

When asked about his medications, Plaintiff testified that he takes Prozac. It helps and makes him sleep more. AR 41. When asked about his daily activities, Plaintiff reported that he hangs around the house. He does not have to clean. AR 42. When asked about high school, Plaintiff testified that he did not take any special education classes, but he had problems with learning. He now has problems learning directions. AR 42.

In response to questions from the ALJ, Plaintiff testified that he worked part time at a car wash about four years prior to the hearing. He still collects recyclables, but he does not go out any more to collect them. When asked if there was any reason why he could not go back to dishwashing if offered a job, Plaintiff stated that there were no openings. He also reported looking for other work with the water company, oil fields and Kmart, but had no interviews. AR 42-44.

Following Plaintiff's testimony, Plaintiff's father, Larry Stieber, provided testimony. In response to questions from Plaintiff's attorney, Mr. Stieber testified about Plaintiff's work as a dishwasher. Mr. Stieber indicated that as far as he knew, Plaintiff arrived at work on time. He did not know if Plaintiff was able to get along with his co-workers or be around people. AR 45. Generally, Plaintiff had very few friends and Mr. Stieber did not see him interact much with people. Mr. Stieber reported that Plaintiff does not go to the movies, social events or church. AR 46. When asked about Plaintiff's obsessive-compulsive disorder and hoarding, Mr. Stieber testified that Plaintiff had a hard time letting go of stuff or throwing stuff away. If Mr. Stieber threw things out, Plaintiff would pick it up and bring it back home. AR 47.

Mr. Stieber also believed that Plaintiff's ability to work was affected by his interaction with people. Plaintiff reportedly was afraid to speak up and shied away from applying for jobs and job interviews. He got the dishwashing job through a friend. Mr. Stieber did not know why Plaintiff was let go from that job. AR 47-48. As to Plaintiff's ability to concentrate, Mr. Stieber testified that Plaintiff will start working on something, but will set it aside and not finish it. AR 49. When reading a magazine, he will just flip through it and look at the pictures basically. Plaintiff reportedly does not really read books and does not watch much TV. AR 49. Plaintiff will go with his father grocery shopping and he occasionally has gone on his own. Half of the time, Plaintiff will pick the groceries. AR 49-50.

Following Mr. Stieber's testimony, the ALJ elicited testimony from the vocational expert ("VE") Thomas Mitchell. The VE characterized Plaintiff's past work as medium, unskilled, SVP 2. The ALJ also asked the VE hypothetical questions. For the first hypothetical, the ALJ asked the VE to assume an individual of Plaintiff's age, with a GED and Plaintiff's past work experience. The ALJ also asked the VE to assume an individual with no exertional limitations, but with limitations to understanding, remembering, and carrying out simple instructions for two-hour intervals. This individual also should not work with the general public but could interact with co-workers and supervisors. This individual also should avoid inherently hazardous work activities without appropriate safeguards and supervision. The VE testified that this individual would be able to perform the claimant's past work both as performed and as typically performed. The VE also testified that there would be other work in the national economy that such an individual could perform at the medium, light and sedentary level. At the medium level, there would be positions such as hand packager, janitor, and production worker. AR 51-53.

For the second hypothetical, the ALJ asked the VE to take hypothetical one with a reduction to occasional interaction with co-workers and supervisors. The VE testified that this change would allow the three identified jobs. AR 53.

For the third hypothetical, Plaintiff's counsel asked the VE to add that the because of the individual's limitations and medical treatment/medication, he would be off-task at least 15 percent of the time of the eight-hour workday. The VE testified that, based on his experience, this would eliminate the occupational base. AR 53-54.

For the final hypothetical, Plaintiff's counsel asked the VE to consider an individual limited to no contact with the general public or co-workers and occasional contact with supervisors with no confrontational supervisor skills or interaction. The VE testified that the identified jobs would be eliminated because they require at least occasional interaction. AR 54-55.

**Medical Record**

The relevant medical record was reviewed by the Court and will be referenced below as necessary to this Court's decision.

///

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act. AR 16-26. Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 24, 2016, his application date. AR 18. The ALJ identified anxiety disorder and a neurocognitive disorder as severe impairments. AR 18. The ALJ determined that the severity of Plaintiff's impairments did not meet or equal any of the listed impairments. AR 18-20.

Based on a review of the entire record, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform the full range of work at all exertional levels but with the following nonexertional limitations: simple routine tasks for two hour intervals with normal breaks; no work with the general public; occasional interaction with co-workers but able to interact with supervisors; and should avoid workplace hazards without appropriate safeguard and supervision. AR 20-24. With this RFC, the ALJ found that Plaintiff could perform his past relevant work as a dishwasher. Alternatively, the ALJ concluded that Plaintiff could perform other jobs in the national economy, such as hand packager, janitor and production worker. AR 24-25. The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act. AR 25-26.

**SCOPE OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's

determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## DISCUSSION[3]

Plaintiff contends that the ALJ erred by (1) improperly evaluating opinion evidence from his mental health treatment provider, Nancy Metcalf, LCSW; (2) improperly evaluating Plaintiff's subjective complaints; and (3) improperly determining that Plaintiff did not meet or equal a medical listing.

**A. The ALJ Did Not Err in Evaluating the Opinion Evidence from Nancy Metcalf.**

Plaintiff first argues that the ALJ improperly rejected the opinion of his treating provider, Nancy Metcalf, LCSW. Specifically, Plaintiff contends that the ALJ failed to provide specific, legitimate reasons for rejecting Ms. Metcalf's treating source opinion in favor of the consultative psychiatric examiner, Dr. Carson Chambers, and the non-examining state agency physicians. (Doc. No. 19 at 3.) The Court disagrees.

---

[3] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

6

On January 18, 2018, Ms. Metcalf, a licensed clinical social worker at Omni Family Health, issued an opinion letter, which stated as follows:

> I have been working with Chad Steiber [sic] since August 2017. He presents with significant impairments. Specifically, he lacks the ability to function independently. He has lived with his father since he was a child, and he had never held a job. As a child he was so socially avoidant that he would run away from school. This pattern has continued into adulthood as he avoids people and is very isolative. His father provides food and shelter for Chad as he is unable to do this for himself. [¶] He has not been able to obtain employment due to his severe social anxiety and avoidant behavior. He lacks the ability to interaction with people appropriately which has prevented him from ever obtaining employment. [¶] Chad is a good candidate for SSI as it is unlikely he will be able to obtain a job let alone keep the job due to his severe social impairments.

AR 258.

Contrary to Plaintiff's contention, the ALJ was not required to assess Ms. Metcalf's opinion under the standard applicable for a treating physician. Rather, under the regulations applicable to Plaintiff's claim, Ms. Metcalf, as a social worker, is not considered an acceptable medical source, but an "other source." 20 C.F.R. § 416.913(d)(3) (effective September 3, 2013 to March 26, 2017) (identifying "other sources" to include public and private social welfare agency personnel). Although required to consider evidence from "other sources," an ALJ may discount testimony from these other sources by providing reasons "germane to each witness for doing so." *See Dale v. Colvin*, 823 F.3d 941, 943 (9th Cir. 2016); *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (finding a social worker is an "other source" and can be rejected for "germane" reasons); *Delegans v. Berryhill*, 766 Fed.App'x 477, 480 (9th Cir. 2019) (treating LCSW as an "other source").

In evaluating Ms. Metcalf's opinion, the ALJ reasoned as follows:

> This opinion is given little weight because the restrictions are overly restrictive and inconsistent with the treatment record. Further, it is not accurate as the claimant has been able to obtain employment per his testimony and his father's testimony [at] the hearing. Employment referenced in the record see Exhibit 7F/17. Moreover, the opinion provides no indication of any limitations attributed to the claimant's mental disorders. Lastly, it is conclusionary on an issue reserved for the Commissioner.

AR 24.

///

The Court finds that the ALJ provided multiple germane reasons for assigning "little weight" to Ms. Metcalf's opinion. First, the ALJ rejected Ms. Metcalf's opinion as overly restrictive and inconsistent with the treatment record. AR 24. The ALJ may reject the competent testimony of an other medical source if it is inconsistent with evidence in the record. *Dale*, 823 F.3d at 944–45; *Molina*, 674 F.3d at 1111; *see also Shorter v. Saul*, 777 Fed.App'x 209, 211 (9th Cir. 2019) (concluding ALJ properly rejected other source opinion based on inconsistency with objective medical evidence); *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (finding "[i]nconsistency with medical evidence" is a germane reason sufficient to discredit testimony from other sources).

According to the record, and as noted by the ALJ, Plaintiff had a history of anxiety, hoarding and anti-social behavior. AR 21-22, 239, 352, 374. However, Plaintiff did not receive any inpatient psychiatric care, psychotherapy or mental health treatment until 2017, and did not request a psychiatric referral until after applying for social security. AR 263, 264 ("Pt father reports that his lawyer requested pt come in to get medical help to help his case with SSI."), 239, 387 ("Asked client why he is attending therapy and he was unable to answer. Father is hoping [claimant] will qualify ofr [sic] SSI."). He also was not treated with any medication until late 2017, and then noted to have improvement. AR 22, 251, 257, 265, 307, 310, 316.

Additionally, Ms. Metcalf's restrictive opinion that Plaintiff was unlikely to be able to work conflicted with that of the consultative psychologist, Dr. Carson K. Chambers, who opined that Plaintiff could perform simple and repetitive tasks on a regular basis, and his ability to work with a supervisor, coworkers and the public on a consistent basis was mildly impaired, his ability to maintain regular attendance and complete a normal workday were mildly impaired, and his ability to deal with stress in the workplace was mildly impaired. AR 23, 243-44.

Second, the ALJ rejected Ms. Metcalf's opinion as inaccurate because, contrary to her opinion, Plaintiff was able to obtain employment. AR 24. Both Plaintiff and his father confirmed that Plaintiff had obtained employment as a dishwasher. AR 36-37, 45-46. Further, as noted by the ALJ, mental health treatment records included a report that Plaintiff was able to work off the books as a dishwasher and car washer. AR 22, 24, 250, 338.

///

Third, the ALJ indicated that Ms. Metcalf's opinion lacked any identification of functional limitations associated with Plaintiff's mental disorders. AR 24. An ALJ may discount opinion evidence that fails to provide functional limitations. *See*, *e.g.*, *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999) (noting an ALJ may reject an opinion that does "not show how [a claimant's] symptoms translate into specific functional deficits which preclude work activity"); *Sevier v. Colvin*, No. 1:12-CV-01717 GSA, 2014 WL 1247369, at *5 n. 9 (E.D. Cal. Mar. 25, 2014) (noting social worker's general observation regarding claimant's inability work did not yield specific, permanent functional limitations); *see also Rebecca Louise Q. v. Comm'r of Soc. Sec.*, No. 2:17-CV-380-FVS, 2019 WL 1386391, at *10 (E.D. Wash. Mar. 27, 2019) (finding ALJ provided germane reason for discounting social worker's opinion where opinion provided no specific functional limitations); *Fonseca v. Berryhill*, No. 6:16-CV-00477-HZ, 2017 WL 1536173, at *5 (D. Or. Apr. 25, 2017) (finding germane reason for discounting other source opinion where it did not specifically describe the plaintiff's functional limitations); *Heffley v. Comm'r of Soc. Sec. Admin.*, No. CV-15-08241-PCT-JZB, 2017 WL 1150676, at *5 (D. Ariz. Mar. 28, 2017) (finding ALJ sufficiently discounted other source opinion where opinion was not in the form of specific functional limitations).

Finally, the ALJ discounted Ms. Metcalf's opinion that Plaintiff was unlikely to obtain a job or keep a job because that opinion was a determination reserved for the Commissioner. AR 24. This is a germane reason for discounting Ms. Metcalf's opinion. *See Reed v. Saul*, No. 19-CV-01887-JSC, 2020 WL 553943, at *3 (N.D. Cal. Feb. 4, 2020) (finding ALJ provided germane reason for assigning little weight to social worker's opinion that the claimant suffered from a disabling condition because that question was reserved to the Commissioner). Opinions on issues reserved to the Commissioner, such as a statement that a claimant is disabled or unable to work, are not entitled to any special significance. *See* 20 C.F.R. § 416.927(d).

Based on the above, the Court finds that the ALJ provided sufficiently germane reasons for discounting Ms. Metcalf's opinion.

**B. The ALJ Properly Evaluated Plaintiff's Subjective Complaints**

Plaintiff next argues that the ALJ erred by failing to offer specific, clear and convincing reasons for discrediting Plaintiff's subjective complaints. In deciding whether to admit a claimant's

subjective complaints, the ALJ must engage in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004). First, the claimant must produce objective medical evidence of his impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Garrison*, 759 F.3d at 1014. If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his symptoms only by offering specific, clear and convincing reasons for doing so. *Id.* at 1015.

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but discounted his statements concerning the intensity, persistence and limiting effects of those symptoms. AR 21. The ALJ was therefore required to provide specific, clear and convincing reasons for discounting Plaintiff's testimony.

The Court finds that the ALJ provided specific, clear and convincing reasons for discounting Plaintiff's testimony. First, the ALJ considered that Plaintiff's statements were inconsistent with the medical record. AR 21. Although lack of supporting medical evidence cannot form the sole basis for discounting testimony, it is a factor that the ALJ can consider. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Here, the ALJ considered record evidence that undermined Plaintiff's complaints of disabling symptoms. For instance, the ALJ considered that during the mental status examination completed by the consultative examiner in May 2016, Plaintiff had sparse speech, but there was no indication of any type of formal thought disorder and he did not appear to have any perceptional difficulties. He also was oriented times four. While memory was not an area of strength and his fund of general knowledge was limited, his ability to concentrate was adequate. AR 21, 241. The consultative examiner concluded that Plaintiff could perform simple and repetitive tasks on a regular basis and he only had mild impairments in his ability to work with a supervisor, coworkers and the public on a consistent basis, his ability to maintain regular attendance and complete a normal workday, and his ability to deal with stress in the workplace. AR 243-44. These limitations are inconsistent with Plaintiff's assertions of debilitating mental impairments.

The ALJ also considered that during a January 2017 psychiatric intake, Plaintiff was positive for restlessness and anxiety, but negative for difficulty concentrating, decreased sleep, feeling down,

depressed or hopeless, feelings of guilt, hallucinations, or impaired judgment. AR 21, 357. In August 2017, Plaintiff was noted to have normal memory, appropriate mood and affect, normal insight and normal judgment. AR 287. However, as acknowledged by the ALJ, in October 2017, an examination revealed that Plaintiff had good judgment, but poor insight, he was confused, agitated, anxious with an abnormal affect. He was not oriented to time, place and person, but his recent and remote memory were normal. AR 21-22, 325. Subsequently, a mental status examination on November 10, 2017, noted that while Plaintiff had a constricted mood, he was cooperative with no acute agitation/psychomotor retardation. He had no abnormal movements, with normal speech, a linear thought process, intact cognition and adequate insight/judgment. AR 22, 257. A December 6, 2017 mental status examination noted no acute changes. Plaintiff had a blunted affect, but no agitation. His speech had regular rate and rhythm and he had a linear thought process with limited insight/judgment. AR 251. This evidence is generally inconsistent with Plaintiff's subjective complaints.

Second, the ALJ appropriately considered Plaintiff's ability to work despite a self-reported longstanding history of anxiety and anti-social behavior. AR 22. A review of the record confirms that Plaintiff's mental health issues, including his hoarding behaviors, were noted to be present throughout Plaintiff's life. AR 239, 251, 257, 283. Nevertheless, Plaintiff was able to work not only for his father, but also as a dishwasher and a car washer. AR 240, 250. The ALJ therefore provided a clear and convincing reason for discounting Plaintiff's subjective complaints. *See Gregory v. Bowen*, 844 F.2d 664, 667 (9th Cir.1988) ("[s]ubstantial evidence indicated that the condition of [the claimant's] back had remained constant for a number of years and that her back problems had not prevented her from working over that time"); *Lopez v. Berryhill*, No. 1:17-CV-01501-BAM, 2019 WL 1325862, at *8 (E.D. Cal. Mar. 25, 2019) (concluding ALJ provided clear and convincing reason for discounting claimant's back complaints where evidence demonstrated claimant's condition was not appreciably worse after the claimant stopped working); *Hutton v. Comm'r of Soc. Sec.*, No. 2:15-CV-2002-KJN, 2017 WL 68261, at *6 (E.D. Cal. Jan. 6, 2017) (finding ALJ provided clear and convincing reason for discounting plaintiff's testimony where "plaintiff had been able to work for many years despite his brain injury and the symptoms stemming from that impairment, which form[ed] the primary basis of plaintiff's claim of disability").

Third, the ALJ discounted Plaintiff's subjective complaints based on his limited mental health treatment history, which included no psychiatric hospitalizations and only recent treatment with medication. AR 22. Plaintiff does not disagree with the ALJ's findings concerning his limited mental health treatment. Where, as here, there is no medical evidence that Plaintiff's failure to seek treatment "was attributable to [his] mental impairment rather than [his] own personal preference," an ALJ may properly consider the claimant's failure to seek mental health treatment. *See, e.g., Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012); *Rivota v. Saul*, No. 1:18-cv-01342-BAM, 2020 WL 1306985, at *6 (E.D. Cal. Mar. 19, 2020) (finding no error in ALJ's consideration that plaintiff sought little mental health treatment and did not participate in counseling).

The ALJ also appeared to discount Plaintiff's subjective complaints because the record suggested that Plaintiff only sought psychiatric treatment in connection with his application for social security. AR 22. Plaintiff challenges this suggestion. (Doc. No. 19 at 4.) However, even if was error to discount Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms based on a finding that he only sought treatment in connection with his social security application, any such error is harmless because the ALJ provided other clear and convincing reasons to discount Plaintiff's subjective symptom testimony. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008); *Batson*, 359 F.3d at 1197 (upholding ALJ's evaluation of claimant's testimony even though one reason may have been in error).

Finally, in evaluating Plaintiff's subjective complaints, the ALJ considered Plaintiff's activities of daily living, including the ability to maintain independent personal care, shop with his father and alone for groceries, walk around the community daily collecting recyclables, and work part-time as a dishwasher and car washer. AR 23. An ALJ can properly discount a claimant's subjective complaints when the daily activities demonstrate an inconsistency between what the claimant can do and the degree that disability is alleged. *Molina*, 674 F.3d at 1112–13 (an ALJ may consider "whether the claimant engages in daily activities inconsistent with the alleged symptoms"). The ALJ reasonably determined that Plaintiff's ability to shop alone, walk around the community collecting recyclables and work part-time demonstrated that Plaintiff was able to maintain sufficient focus to carry out these activities, which potentially can be mentally demanding tasks. AR 23. As suggested by the ALJ,

these activities are inconsistent with claims of totally debilitating mental impairments.  Even where a plaintiff's activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment. *Molina,* 674 F.3d at 1113.

The Court finds that the ALJ's assessment of Plaintiff's subjective complaints is free of reversible error.

### C.  The ALJ Did Not Err at Step Three of the Sequential Evaluation

As a final matter, Plaintiff asserts that the ALJ erred at step three by failing to consider the combined effects of his mental impairments in assessing whether his condition met or equaled Listings 12.02, 12.06, 12.08, or 12.11.  (Doc. No. 19 at 5.)

At step three, the ALJ determines whether a claimant's impairment meets or equals one of a list of specific impairments in the regulations.  20 C.F.R. § 416.920; *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Listing of Impairments describes specific impairments of each of the major body systems which are considered "severe enough to prevent an individual from doing any gainful activity." 20 C.F.R. § 416.925.   The claimant bears the burden of establishing his impairment (or combination of impairments) meets or equals the criteria of a listed impairments. *Burch*, 400 F.3d at 683.

Plaintiff has failed to advance any specific argument as to how he meets or equals any of the identified listings.  Plaintiff's chart, without analysis or argument, is not sufficient.  (Doc. No. 19 at 5.) As the Commissioner points out, no physician has opined that Plaintiff satisfied the requirements of any listing and the State agency consultants, Drs. Jane V. Buerger and B. Rudnick, specifically found that Plaintiff did not meet or equal a listing.  AR 62, 74-75.

Further, each of the listings at issue, 12.02, 12.06, 12.08, or 12.11, requires that the claimant's mental disorder result in an extreme limitation of one, or marked limitation of two, of the following four areas of mental functioning:  (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself.  20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00 Mental Disorders.  The ALJ found that Plaintiff had only mild limitations in understanding, remembering or applying information, moderate limitations in concentrating,

persisting, or maintaining pace, moderate limitations in interacting with others and mild limitations in adapting or managing himself. AR 18-19.

## CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Andrew M. Saul, Commissioner of Social Security, and against Plaintiff Chad Stieber.

IT IS SO ORDERED.

Dated: __November 9, 2020__   /s/ *Barbara A. McAuliffe* _
UNITED STATES MAGISTRATE JUDGE